# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>PHILLIP A. BOGAN,<br><br>　　　　　　　　　Defendant. | Case No. 10-CR-199-JPS<br><br>**ORDER** |

　　　　On July 17, 2017, Defendant filed a motion "to receive custody credit." (Docket #25) (capitalization altered). Defendant states that as a condition of bond, he was required to enter a residential treatment center and did so for approximately thirty days. *Id.* Defendant requests that he be given credit for that time towards his current sentence of imprisonment. *Id.* Even if the Court involved itself in crediting time served, which is the province of the Bureau of Prisons, it cannot grant Defendant the relief he seeks. The Supreme Court holds that "the time respondent spent at the . . . community treatment center while 'released' on bail pursuant to the Bail Reform Act of 1984 was not 'official detention' within the meaning of 18 U.S.C. § 3585(b). Respondent therefore was not entitled to a credit against his sentence of imprisonment." *Reno v. Koray*, 515 U.S. 50, 65 (1995); *see also Miller v. Hastings*, 87 F. App'x 585 (7th Cir. 2004). Defendant's motion must, therefore, be denied.

　　　　Accordingly,

　　　　**IT IS ORDERED** that Defendant's motion to receive custody credit (Docket #25) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of July, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge